**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANGELA HOFFMAN *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.:    08-1924 (RMU) |
| | : | |
| v. | : | Re Document Nos.:  7, 15, 16 |
| | : | |
| DISTRICT OF COLUMBIA *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM OPINION**

**DENYING THE DISTRICT OF COLUMBIA'S MOTION TO QUASH AND
DENYING THE PLAINTIFFS' MOTION FOR SANCTIONS
AND REQUEST FOR A SHOW CAUSE HEARING**

**I.  INTRODUCTION**

This matter is before the court on the motion of the defendant District of Columbia ("the District") to quash service and the plaintiffs' related motion for sanctions and request for a show cause hearing.  For the reasons discussed below, the court denies both motions and denies the plaintiffs' request for a show cause hearing.

**II.  FACTUAL & PROCEDURAL BACKGROUND**

The plaintiffs commenced this action on November 6, 2008, alleging that agents of the Metropolitan Police Department and the Drug Enforcement Agency conducted an unlawful search of their residence.  *See generally* Compl.  The plaintiffs have asserted a variety of statutory and common law causes of action based on this purportedly illegal search.  *See id.* ¶¶ 37-82.  On November 26, 2008, the plaintiffs submitted an Amended Complaint, adding the District as a defendant to the action.  *See generally* Am. Compl.

On December 5, 2008, the plaintiffs attempted to effect service of their Amended Complaint on the District by mailing copies of the summons, complaint and initial order to Mayor Adrian Fenty, D.C. Attorney General Peter Nickles and Assistant Attorney General Darlene Fields (designated agent for the Attorney General). *See* Pls.' Opp'n, Ex. A at 1-3. These individuals were specifically named as the intended recipients in the address boxes of the mailings sent by the plaintiffs. *Id*. The packages were sent through the United States Postal Service via first class certified mail, return receipt requested. *Id*. In addition, the plaintiffs paid for "Restricted Delivery," a service offered by the Postal Service which requires its couriers to deliver designated packages only to the individuals specifically named as the intended recipients or to persons expressly authorized to receive packages on behalf of the named recipient. *Id*.

On January 14, 2009, the District moved to quash service, alleging that the plaintiffs had failed to properly serve the District. *See generally* Def.'s Mot. to Quash. The plaintiffs opposed the District's motion and filed a motion for sanctions, alleging that the District had committed fraud on the court by attempting to quash service. *See generally* Pls.' Mot. for Sanctions.

On February 24, 2009, as the District's motion to quash service was pending, the plaintiffs requested that the clerk's office enter default against the District. *Id*. at 11.  The clerk's office declined the plaintiffs' request. *Id*. at 12.  The plaintiffs now request that the court hold a show cause hearing, "wherein the [clerk's office] provide the legal basis for [its] decision," insinuating that the District somehow improperly influenced the clerk's office not to enter default. *Id*.

### III.  ANALYSIS

### A.  The District's Motion to Quash Service

### 1.  Legal Standard for Service on the District of Columbia

Federal Rule of Civil Procedure 4(j)(2) provides that:

> A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

FED. R. CIV. P. 4(j)(2).

Under D.C. law, service of process upon the District is governed by Superior Court Rule 4(j)(1), which provides that

> Service shall be made upon the District of Columbia by delivering . . . or mailing (pursuant to paragraph (c)(3)) a copy of the summons, complaint and initial order to the Mayor of the District of Columbia (or designee) and the Corporation Counsel [now the Attorney General] of the District of Columbia (or designee). The Mayor and the Corporation Counsel may each designate an employee for receipt of service of process by filing a written notice with the Clerk of the [Superior] Court.

D.C. SUP. CT. CIV. R. 4(j)(1).  Paragraph (c)(3) of the rule provides that service "may be effected by mailing a copy of the summons, complaint and initial order to the person to be served by registered or certified mail, return receipt requested."  *Id*. 4(c)(3).  In construing the requirements of Rule 4(j)(1), the D.C. Court of Appeals has held that a plaintiff does not effect proper service on the District if the papers mailed to the Mayor and Attorney General are signed for by employees not specifically designated to receive service of process.  *Eldridge v. District of Columbia*, 866 A.2d 786, 787 (D.C. 2004).

## 2.  The Court Denies the District's Motion to Quash Service

Relying principally on *Eldridge*, the District contends that although the plaintiffs mailed the required papers to the proper officials in conformity with the Superior Court rules, the fact that the papers were signed for by employees of the Mayor and the Attorney General rather than the officials themselves renders the plaintiffs' attempts at service ineffective. *See generally* Def.'s Mot to Quash; Def.'s Reply.  The plaintiffs respond that they have fully complied with the service requirements prescribed by D.C. law.  *See generally* Pls.' Opp'n.

This precise issue was recently addressed by another court in this district in a case related to the instant dispute. *See Gresham v. District of Columbia*, No. 09-0029 (Apr. 29, 2009) (Mem. Order) (Robertson, J.). Like the plaintiffs here, the plaintiff in *Gresham* attempted to effect service by mailing copies of the summons and complaint to Mayor Fenty and Assistant Attorney General Fields via first class mail, return receipt requested, with restricted delivery. *Id*. at 2-3. Judge Robertson held that the plaintiff had properly effected service, despite the fact that the plaintiffs' papers were signed for by employees not specifically designated to accept service, noting that the plaintiff had fully complied with the procedures for effecting service on the District under D.C. law.  *Id*. at 4-5.  Furthermore, Judge Robertson distinguished the D.C. Court of Appeals' ruling in *Eldridge*, reasoning that

> [*Eldridge*] is silent about whether the plaintiff in that case <u>named</u> the official designees in the address box of the return receipt form, as plaintiff's counsel did here, and I am unwilling to assume that he did.  The *Eldridge* court relied heavily on the reasoning that 'the District of Columbia is subject to many lawsuits,' and that '[t]he Mayor and the Corporation Counsel must be put on notice when a lawsuit is filed against the District,' and that 'the Mayor and the Corporation Counsel receive an enormous amount of mail.'  These are valid concerns, *but they are fully met when the return receipt specifies delivery to the designee by name, when the plaintiff has arranged for restricted delivery, and when . . . there is no question that the defendant has actually received the papers served and has actual notice of the suit*.

4

*Id.* (internal citations omitted) (italicized emphasis added).

The court finds Judge Robertson's reasoning persuasive and adopts it in the instant dispute. The plaintiffs followed the proper procedures for effecting service on the District by mailing the required papers to the Mayor, the Attorney General and the Attorney General's designated agent via certified mail, return receipt requested, with restricted delivery, expressly naming these officials as intended recipients in the address boxes accompanying the mailings.[1] *See* Pls.' Opp'n, Ex. 1. Furthermore, there is no allegation that the District did not actually receive the papers or have actual notice of the suit. *See generally* Def.'s Mot. to Quash; Def.'s Reply. Accordingly, the court denies the District's motion to quash service.

## B. The Court Denies the Plaintiffs' Motion for Sanctions and Request for a Show Cause Hearing

The plaintiffs contend that the District should be sanctioned because it has been tampering with mail service by having unauthorized employees open mail addressed to the Mayor and the Attorney General in an effort to thwart service of process. *See generally* Pls.' Mot. for Sanctions. The District responds that sanctions are inappropriate because the plaintiffs' allegations are unsupported and the plaintiffs have not pointed out a single factual or legal misrepresentation in its motion to quash. *See generally* Def.'s Opp'n.

Under Federal Rule of Civil Procedure 11, the court may impose sanctions on attorneys or unrepresented parties if "a pleading, written motion, or other paper . . . [is] presented for any improper purpose[;] . . . the claims, defenses, and other legal contentions therein are [un]warranted by existing law[;] . . . the allegations and other factual contentions have [no]

---

[1] The caption of the Amended Complaint contains the following language: "District of Columbia/SERVE – Darlene Fields, Esq. Agent for Service of Process Assistant Attorney General for District of Columbia." *See* Am. Compl. at 1.

5

evidentiary support [or] the denials of factual contentions are [un]warranted on the evidence[.]" FED. R. CIV. P. 11(b).

The plaintiffs have put forward no evidence supporting their assertion that the District deliberately tampered with mail service to prevent service of process from being effected on the District. *See generally* Pls.' Mot. for Sanctions. And although the court denies the District's motion to quash service, the arguments and assertions made in the District's motion are not completely unwarranted or unsupported by existing law. *See Gresham v. District of Columbia*, No. 09-0029 (Apr. 29, 2009) (Mem. Order) (observing that the District had asserted a reasonable legal position in alleging improper service). Accordingly, the court denies the plaintiffs' motion for sanctions.

Likewise, the plaintiffs have put forward no evidence to support their allegation that the District improperly influenced the clerk's office of the district court to withhold default. *See generally* Pls.' Mot. for Sanctions. Nor have the plaintiffs articulated how the clerk's office exceeded its discretion in declining the plaintiffs' request for entry of default while the District's motion to quash service was pending. *See id.* Accordingly, the court denies the plaintiffs' request for a show cause hearing.

### IV.  CONCLUSION

For the foregoing reasons, the court denies the District's motion to quash service and denies the plaintiffs' motion for sanctions. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 29th day of June, 2009.

RICARDO M. URBINA  
United States District Judge