**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ANGELA HOFFMAN *et al.*, | : | |
| | : | |
| Plaintiffs, | : | Civil Action No.:   08-1924 (RMU) |
| | : | |
| v. | : | Re Document No.:  11 |
| | : | |
| DISTRICT OF COLUMBIA *et al.*, | : | |
| | : | |
| Defendants. | : | |

<u>**MEMORANDUM OPINION**</u>

**Granting the United States's Motion to dismiss; Dismissing *Sua Sponte* the
Plaintiff's Claim for a Declaratory Judgment**

**I.  INTRODUCTION**

This matter is before the court on the motion to dismiss filed by the defendant the United

States.  The plaintiffs allege that agents of the District of Columbia Metro Police Department

("DCMPD") and the Drug Enforcement Administration ("DEA") violated their constitutional

and statutory rights and committed various common law torts against them during a police raid

that occurred on July 31, 2008.  The United States now moves to dismiss the claims against it

pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, contending that

sovereign immunity bars these claims.

Because the plaintiffs did not exhaust their administrative remedies for their tort claims,

and because the plaintiffs cannot bring suit against the United States based on their federal and

D.C. statutory causes of action, the court grants the United States's motion to dismiss.  In

addition, the court *sua sponte* dismisses the plaintiffs' claim for a declaratory judgment because

of the absence of a live case or controversy.

## II.  FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs Angela Hoffman and Kiana Hoffman allege that on July 31, 2008, they were throwing a birthday party at their residence located in the District of Columbia.  Am. Compl. ¶¶ 1, 4.  Plaintiff Melvin Gresham, a Captain in the DCMPD, owned the residence and leased it to Hoffman.  *Id.*  ¶ 20.  Captain Gresham was also attending the party along with the remaining plaintiffs: Anthony Pate, Quinton Jones, John McLawhorn, Ralph Threat, Marvin Morris and William Wilson.  *Id.* ¶¶ 2-3, 5-8.

The plaintiffs allege that during the birthday party, agents of the DCMPD and the DEA raided the residence as part of a scheme to retaliate against Captain Gresham.  *Id.* ¶¶ 11, 13. Specifically, the plaintiffs allege that agents of the DCMPD were attempting to terminate Captain Gresham from his position because of his purported whistleblower activities.  *Id.* ¶ 13.

The plaintiffs commenced this action on November 6, 2008, later amending their complaint on November 26, 2008, asserting fourteen federal, state and common law claims against the District of Columbia and the United States.  *See generally* Compl.; Am. Compl. Specifically, the plaintiffs allege that the defendants violated their First and Fourth Amendment rights in violation of 42 U.S.C. § 1983, Am. Compl. ¶¶ 39-43, and their Fifth Amendment right to full and equal benefit of the law in violation of 42 U.S.C. § 1981, *id.* ¶¶ 44-48.  The plaintiffs have also asserted common law tort claims for defamation, invasion of privacy, assault, battery, malicious prosecution, theft, intentional infliction of emotional distress, aiding and abetting[1] and conspiracy.  *Id.* ¶¶ 52-73, 80-82.  In addition, the plaintiff have asserted violations of the D.C.

---

[1]     It is unclear whether the plaintiffs allege common law aiding and abetting liability or aiding and abetting in violation of the District of Columbia Human Rights Act ("DCHRA"), D.C. CODE § 2-1402.62, or both.  *See* Am. Compl. ¶¶ 77-79.  Accordingly, the court construes the amended complaint as alleging both.

Whistleblowers Act, D.C. CODE §§ 1-615.51 *et seq.*, *id.* ¶¶ 49-51, and the District of Columbia

Human Rights Act ("DCHRA"), D.C. CODE §§ 2-1401.01 *et seq.*, *id.* ¶¶ 74-79.  Lastly, the

plaintiffs amended their complaint to add a claim for a declaratory judgment directing Congress

to apportion and appropriate to the District's budget the monies necessary to satisfy any

judgment resulting from this action.  *Id.* ¶ 83.  The United States filed the instant motion on

February 20, 2009.


## III.  ANALYSIS

### A.  Legal Standards for Motions to Dismiss Under Rules 12(b)(1) and 12(b)(6)

#### 1.  12(b)(1) Motion to Dismiss

Federal courts are courts of limited jurisdiction and the law presumes that "a cause lies

outside this limited jurisdiction."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938); *see also Gen.*

*Motors Corp. v. Envtl. Prot. Agency*, 363 F.3d 442, 448 (D.C. Cir. 2004) (noting that "[a]s a

court of limited jurisdiction, we begin, and end, with an examination of our jurisdiction").

Because "subject-matter jurisdiction is an 'Art. III as well as a statutory requirement[,] no

action of the parties can confer subject-matter jurisdiction upon a federal court.'"  *Akinseye v.*

*District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) (quoting *Ins. Corp. of Ir., Ltd. v.*

*Compagnie des Bauxite de Guinea*, 456 U.S. 694, 702 (1982)).  On a motion to dismiss for lack

of subject-matter jurisdiction pursuant to Rule 12(b)(1), the plaintiff bears the burden of

establishing by a preponderance of the evidence that the court has subject-matter jurisdiction.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

Because subject-matter jurisdiction focuses on the court's power to hear the claim, however, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); *Grand Lodge of Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Thus, the court is not limited to the allegations contained in the complaint. *Hohri v. United States*, 782 F.2d 227, 241 (D.C. Cir. 1986), *vacated on other grounds*, 482 U.S. 64 (1987). When necessary, the court may consider the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Herbert v. Nat'l Acad. of Scis.*, 974 F.2d 192, 197 (D.C. Cir. 1992).

### 2. 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The complaint need only set forth a short and plain statement of the claim, giving the defendant fair notice of the claim and the grounds upon which it rests. *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "Such simplified notice pleading is made possible by the liberal opportunity for discovery and the other pre-trial procedures established by the Rules to disclose more precisely the basis of both claim and defense to define more narrowly the disputed facts and issues." *Conley*, 355 U.S. at 47-48 (internal quotation marks omitted). It is not necessary for the plaintiff to plead all elements of his prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or "plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134, 136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

Yet, the plaintiff must allege "any set of facts consistent with the allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007) (abrogating the oft-quoted language from *Conley*, 355 U.S. at 45-56, instructing courts not to dismiss for failure to state a claim unless it appears beyond doubt that "no set of facts in support of his claim [] would entitle him to relief"); *Aktieselskabet AF 21. Nov. 2001 v. Fame Jeans, Inc.*, 525 F.3d 8, 16 n.4 (D.C. Cir. 2008) (affirming that "a complaint needs *some* information about the circumstances giving rise to the claims"). While these facts must "possess enough heft to 'sho[w] that the pleader is entitled to relief,'" a complaint "does not need detailed factual allegations." *Twombly*, 550 U.S. at 555, 557. In resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren v. District of Columbia*, 353 F.3d 36, 40 (D.C. Cir. 2004); *Browning*, 292 F.3d at 242.

### B. The Court Grants the United States's Motion to Dismiss

#### 1. The Plaintiffs Have Failed to State a Claim Against the United States Under 42 U.S.C. §§ 1981 & 1983

The United States argues that the plaintiffs have not stated a claim against it under 42 U.S.C. §§ 1981 and 1983 because those statutes do not provide a cause of action against the United States. Def.'s Mot at 2 n.2. The plaintiffs do not respond to this assertion. *See generally* Pls.' Opp'n.

5

It is well established that §§ 1981[2] and 1983[3] "do not apply to actions against the United States."[4] *Hohri*, 782 F.2d at 245 n.43; *see also United States v. Timmons*, 672 F.2d 1373, 1380 (11th Cir. 1982) (affirming the dismissal of § 1981 claims against the United States because the United States has not waived immunity to suit under § 1981); *Dye v. United States*, 516 F. Supp. 2d 61, 71 (D.D.C. 2007) (observing that § 1983 neither authorizes suits challenging action taken under color of federal law nor waives the United States's immunity to suit) (internal citations omitted). Thus, the plaintiffs cannot maintain their §§ 1981 and 1983 claims against the United States and the court dismisses these claims insofar as they are asserted against the United States.

## 2. The Court Lacks Jurisdiction over the Plaintiffs' Tort Claims Because the Plaintiffs Did Not Exhaust Their Administrative Remedies

The United States contends that the plaintiffs' tort claims against it must be dismissed because the plaintiffs have not exhausted their administrative remedies as required by 28 U.S.C. § 2675(a). Def.'s Mot. at 4-5. Specifically, the United States asserts that the plaintiffs failed to

---

[2]     Section 1981 provides in relevant part that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment *under color of State law*." 42 U.S.C. § 1981(c) (emphasis added).

[3]     Section 1983 provides in relevant part:

> Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding."

42 U.S.C. § 1983 (emphasis added).

[4]     Although a plaintiff may bring a § 1983 claim against a federal employee who acts under the color of state law, *see Williams v. United States*, 396 F.3d 412, 413-15 (D.C. Cir. 2005), the plaintiffs have not named any individual federal employees as defendants in this action, having instead asserted their claims against the United States only, *see generally* Compl. Thus, the rule articulated in *Williams* fails to salvage the plaintiffs' § 1983 claim against the United States. *See Dye v. United States*, 516 F. Supp. 2d 61, 71 (D.D.C. 2007) (noting that § 1983 is addressed to "state action, not federal action, and to persons, not governments").

present their claims to the appropriate federal agency, the DEA, prior to filing suit.  Def.'s Reply at 3.  In response, the plaintiffs argue that they submitted several letters outlining their claims to the Department of Justice ("DOJ"), the Federal Bureau of Investigation ("FBI"), the Mayor of the District of Columbia, the Attorney General of the United States and the U.S. Attorney for the District of Columbia.  Pls.' Opp'n ¶¶ 3-8.  Moreover, the plaintiffs argue that they understood their claim to be denied when the U.S. Attorney for the District of Columbia served Captain Gresham with a "Notice of Unlawful Activity" at his property.  *Id.* ¶ 9.

The Federal Tort Claims Act ("FTCA") provides a limited waiver of sovereign immunity for certain torts committed by federal employees in the scope of their employment.  *Sloan v. U.S. Dep't of Housing & Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001) (citing 28 U.S.C. §§ 1326(b) and 2674).  Claimants must first exhaust their administrative remedies before bringing suit in federal court under the FTCA.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) (upholding the district court's dismissal of a civil action because the plaintiff brought suit in district court before receiving a denial of his administrative claim from the proper agency); *see also Zhengxing v. U.S. Patent & Trademark Office*, 579 F. Supp. 2d 160, 164 (D.D.C. 2008) (noting that "exhaustion of administrative remedies is required for the court to have subject matter jurisdiction" over FTCA claims) (internal citations omitted).

To exhaust his or her administrative remedies, a claimant must first present a claim "to the appropriate Federal agency."  28 U.S.C. § 2675(a).  This Circuit has held that the presentment requirement is satisfied once a claimant files both "a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and . . . a sum-certain damages claim."  *GAF Corp. v. United States*, 818 F.2d 901, 919 (D.C. Cir. 1987).  If the agency issues a final written denial of the claim or fails to resolve the claim within six months, the

claimant may commence suit in district court.  28 U.S.C. § 2675(a); *see also Ficken v. Rice*, 2006 WL 1223931, at *8 (D.D.C. Jan. 17, 2006) (explaining that the plaintiff may file suit only after the agency fails to make a final disposition within six months after the filing of the claim).

Among their various letters, the plaintiffs submitted a "Complaint Form" to the DOJ Civil Rights Division on August 10, 2008, along with a detailed letter explaining their grievances and the relief sought.  Pls.' Opp'n, Ex. 3.  The United States maintains that this letter does not comply with the statutory presentment requirement because the applicable regulations required the plaintiffs to present their claims "to the Federal agency whose activities gave rise to the claim," 28 C.F.R. § 14.2(b)(1): in this case, the DEA, not the DOJ.  The regulation cited by the United States, however, goes on to state that "[w]hen a claim is presented to any other Federal agency, that agency shall transfer it forthwith to the appropriate agency, if the proper agency can be identified from the claim, and advise the claimant of the transfer."  *Id*.  Thus, the fact that the plaintiffs submitted their complaint to the DOJ rather than the DEA does not, standing alone, render their presentment inadequate.

It is, nevertheless, clear that the DEA did not issue a final written denial or fail to resolve their claims within six months prior to the commencement of this action.  *See* 28 U.S.C. § 2675(a).  First, the plaintiffs have failed to properly allege that the DEA denied their claim in writing prior to the filing of their complaint.  *See generally* Am. Compl.  The plaintiffs do not allege that they ever received a formal written rejection from the DEA, *see generally id*.; Pls.' Opp'n.  Although the plaintiffs contend that the "Notice of Unlawful Activity" received from the U.S. Attorney for the District of Columbia constituted a final denial of their claims, the notice does not even mention the plaintiffs' tort claims.  *See* Pls.' Opp'n, Ex. 12.  Accordingly, the notice cannot be construed as a final denial for purposes of the statutory exhaustion requirement.

8

*See Brown v. Alford*, 2008 WL 4837498, at *6 (S.D. Ohio Nov. 4, 2008) (holding that a "Settlement and Release Agreement" from the agency did not constitute a final denial notice because it did not mention, let alone deny, the plaintiff's FTCA claims, was not sent by certified or registered mail by the agency and the title of the document showed it was clearly a settlement and release agreement, not a final notice from the agency denying the claim); *see also* 28 C.F.R. § 14.9 (explaining that "[f]inal denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail").  Thus, the plaintiffs filed suit prior to receiving a final written denial of their claims from the appropriate agency.

Furthermore, the plaintiffs filed their complaint on November 6, 2008, *see generally* Am. Compl., less than three months after submitting the aforementioned letter to the DOJ's Civil Rights Division, *see generally* Pls.' Opp'n, Ex. 3.  Accordingly, the plaintiffs did not wait the requisite six months before commencing suit.  *Brown*, 2008 WL 4837498, at *7 (noting that the "exhaustion process must occur prior to the time that a court action has been filed, and cannot occur during the pendency of the case"); *Rashad v. D.C. Cent. Det. Facility*, 570 F. Supp. 2d 20, 24 (D.D.C. 2008) (observing that a plaintiff must exhaust his administrative remedies before bringing an action in district court).

Thus, the plaintiffs failed to exhaust their administrative remedies prior to bringing suit, *see McNeil*, 508 U.S. at 111, and their tort claims against the United States are dismissed for lack of subject matter jurisdiction.

### 3.  The Plaintiffs Have Failed to State a Claim Against the United States Under the DCHRA or the D.C. Whistleblowers Act

To the extent the plaintiff has asserted claims against the United States under the DCHRA and the D.C. Whistleblowers Act, these claims do not require extended discussion.  As

an initial matter, the federal government cannot be sued under the DCHRA.  *See Jordan v. Evans*, 404 F. Supp. 2d 28, 31 (D.D.C. 2005) (dismissing a DCHRA claim against the federal government because the D.C. Council, not Congress, enacted the DCHRA, and there is no evidence in any federal statute that Congress unequivocally intended to allow the federal government to be sued under the DCHRA); *see also Lane v. Pena*, 518 U.S. 187, 192 (1996) (observing that Congress must unequivocally express a waiver of the United States's immunity from suit).  Consequently, the plaintiff's DCHRA claims against the United States must be dismissed.[5]  *See id.*

   As for the plaintiff's claims under the D.C. Whistleblowers Act, the text of that statute prohibits "supervisors" from taking or threatening to take "a prohibited personnel action . . . against an employee because of the employee's protected disclosure or because of an employee's refusal to comply with an illegal order."  D.C. CODE § 1-615.53.  A "supervisor" is defined as an "individual employed by the District government."  *Id*. § 1-615.52.   Thus, by its express terms, the statute only prohibits retaliatory action taken by employees of the District government, not employees of the federal government or the federal government itself.  *See id.*  Accordingly, the court dismisses the counts against the United States brought under the DCHRA and the D.C. Whistleblowers Act.

### C.  The Court *Sua Sponte* Dismisses the Plaintiffs' Claim for a Declaratory Judgment Based on the Absence of a Case or Controversy

   The plaintiffs amended their complaint to include a request for a declaratory judgment requiring Congress to apportion and appropriate the budget for the District of Columbia so as to

---

[5]      The same reasoning would apply to any allegation that the United States violated the D.C. Whistleblowers Act.  *Cf. Jordan v. Evans*, 404 F. Supp. 2d 28, 31 (D.D.C. 2005) (holding that the federal government cannot be sued under the DCHRA).

satisfy any judgment resulting from this action.  Am. Compl. ¶ 83.  The United States does not address this request in its briefs.  *See generally* Def.'s Mot; Def.'s Reply.  Because, however, the existence of a live case or controversy is a prerequisite to this court's jurisdiction, the court addresses this issue *sua sponte*.  *See Thomas v. Yates*, 2009 WL 1065895, at *1 (E.D. Cal. Apr. 20, 2009) (noting that a court "must consider Article III jurisdiction *sua sponte* and dismiss if jurisdiction is lacking" and dismissing the case *sua sponte*); *Howell ex rel. D.H. v. District of Columbia*, 522 F. Supp. 2d 57, 62 n.2 (D.D.C. 2007) (observing that the court may *sua sponte* dismiss a complaint based on a lack of jurisdiction resulting from the absence of a live case or controversy).

"A party seeking a declaratory judgment must satisfy the Article III case-or-controversy requirement to the same extent as a party seeking any other form of relief."  *Rafferty v. Judicial Council for D.C. Circuit*, 1996 WL 451052, at *3 (D.D.C. Aug. 5, 1996) (citing *Fed. Express Corp. v. Air Line Pilots Ass'n*, 67 F.3d 961, 963 (D.C. Cir. 1996)).  To establish that a matter is a "controversy" rather than an abstract question, a party seeking declaratory relief must "show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  *Md. Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

In seeking declaratory relief, the plaintiffs essentially ask the court to ensure future enforcement of any judgment that they may eventually obtain against the District of Columbia.  *See* Am. Compl. ¶ 83.  For the court to consider awarding declaratory relief, however, there must be a "substantial controversy . . . of sufficient immediacy of and reality to warrant the issuance" of declaratory relief.  *Md. Cas. Co.*, 312 U.S. at 273.  Because the plaintiffs have not yet obtained a judgment against the District of Columbia, and the District of Columbia has not indicated an

11

inability to pay any judgment, the plaintiffs have not brought a "substantial controversy" before the court, let alone an immediate one. *See id.* Accordingly, the court dismisses the plaintiffs' claim for a declaratory judgment.

## IV.  CONCLUSION

For the foregoing reasons, the court grants the United States's motion to dismiss the claims against it.  The court also dismisses the plaintiffs' claim seeking a declaratory judgment. An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this ___ day of August, 2009.

RICARDO M. URBINA
United States District Judge