# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| ANGELA HOFFMAN *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 08-1924 (RMU) |
| | : | | |
| v. | : | Re Documents Nos.: | 23, 33, 37 |
| | : | | |
| DISTRICT OF COLUMBIA *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

## MEMORANDUM OPINION

**DENYING THE PLAINTIFFS' MOTION FOR RELIEF UPON RECONSIDERATION;
DENYING THE PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT;
GRANTING THE DISTRICT OF COLUMBIA'S MOTION TO DISMISS**

## I. INTRODUCTION

This matter is before the court on (1) the plaintiffs' motion for relief upon reconsideration of the court's interlocutory ruling dismissing all claims against the United States,[1] (2) the plaintiffs' motion for partial summary judgment and (3) the District of Columbia's ("the District") motion to dismiss. The plaintiffs allege that agents of the District of Columbia Metropolitan Police Department ("DCMPD") and the Drug Enforcement Administration ("DEA") violated their constitutional and statutory rights and committed various common law torts against them during a police raid that occurred on July 31, 2008. On August 17, 2009, the court dismissed all claims asserted against the United States. Through their motion for relief upon reconsideration, the plaintiffs ask the court to amend that ruling and to reinstate the United States as a defendant in this case. The plaintiffs also move for summary judgment on their

---

[1] Although the plaintiffs have titled their submission a "Motion to Reinstate the United States as a Defendant" and cite no specific provision of the Federal Rules of Civil Procedure in support of that motion, the court construes the motion as one for relief upon reconsideration of an interlocutory judgment under Federal Rule of Civil Procedure 54(b). *See* FED. R. CIV. P. 54(b).

claims against the District on the basis of res judicata.  The District moves to dismiss all of the plaintiffs' claims against it for failure to state a claim on which relief can be granted and for lack of subject matter jurisdiction.

Because the plaintiffs have failed to offer any arguments persuading the court to revise its dismissal of the claims against the United States, the court denies the plaintiffs' motion to alter its previous ruling on that issue.  The court also denies the plaintiffs' motion for partial summary judgment because the plaintiffs have failed to demonstrate that the hearing officer's decision, which the plaintiffs argue should be given res judicata effect, constituted a final judgment on the merits.  Lastly, because the plaintiffs have failed to respond to the arguments for dismissal raised in the District's motion to dismiss, the court grants that motion as conceded.

## II.  FACTUAL & PROCEDURAL BACKGROUND

Plaintiffs Angela Hoffman and Kiana Hoffman allege that on July 31, 2008, they were throwing a birthday party at their residence located in the District of Columbia.  Am. Compl. ¶¶ 1, 4.  Plaintiff Melvin Gresham, a Captain in the DCMPD, owned the residence and leased it to Hoffman.  *Id.*  ¶ 20.  Captain Gresham was also attending the party along with the remaining plaintiffs: Anthony Pate, Quinton Jones, John McLawhorn, Ralph Threat, Marvin Morris and William Wilson.  *Id.* ¶¶ 2-3, 5-8.

The plaintiffs allege that during the birthday party, agents of the DCMPD and the DEA raided the residence as part of a scheme to retaliate against Captain Gresham.  *Id.* ¶¶ 11, 13. More specifically, the plaintiffs allege that agents of the DCMPD were attempting to terminate Captain Gresham from his position because of his purported whistleblower activities.  *Id.* ¶ 13.

The plaintiffs commenced this action on November 6, 2008, later amending their complaint on November 26, 2008, asserting fourteen federal and state law claims against the District of Columbia and the United States.  *See generally* Compl.; Am. Compl.  Specifically, the plaintiffs allege that the defendants violated their First and Fourth Amendment rights in violation of 42 U.S.C. § 1983 ("§ 1983"), Am. Compl. ¶¶ 39-43, and their Fifth Amendment right to full and equal benefit of the law in violation of 42 U.S.C. § 1981 ("§ 1981"), *id.* ¶¶ 44-48.  The plaintiffs have also asserted common law tort claims for defamation, invasion of privacy, assault, battery, malicious prosecution, theft, intentional infliction of emotional distress, aiding and abetting and conspiracy.  *Id.* ¶¶ 52-73, 80-82.  In addition, the plaintiffs have alleged violations of the D.C. Whistleblowers Act, D.C. CODE §§ 1-615.51 *et seq.*, Am. Compl. ¶¶ 49-51, and the District of Columbia Human Rights Act ("DCHRA"), D.C. CODE §§ 2-1401.01 *et seq.*, Am. Compl. ¶¶ 74-79.  The plaintiffs also requested a declaratory judgment directing Congress to apportion and appropriate to the District's budget the monies necessary to satisfy any judgment resulting from this action.  *Id.* ¶ 83.

On August 17, 2009, the court dismissed all claims asserted against the United States.  *See generally* Mem. Op. (Aug. 17, 2009).  More specifically, the court dismissed the plaintiffs' § 1981 and § 1983 claims against the United States because those provisions do not permit a cause of action against the federal government.  *Id.* at 5-6.  The court dismissed the plaintiffs' common law tort claims against the United States because the plaintiffs did not exhaust their administrative remedies prior to filing suit.  *Id.* at 6-9.  Lastly, the court held that the plaintiffs had failed to state a claim against the United States under the D.C. Whistleblowers Act or the DCHRA, and dismissed the plaintiffs' claim for a declaratory judgment based on the absence of a case or controversy.  *Id.* at 9-12.

On June 9, 2009, the plaintiffs moved for partial summary judgment on their claims against the District. *See generally* Pls.' Mot. for Partial Summ. J. The plaintiffs point out that the District of Columbia Housing Authority ("DCHA") conducted a hearing in April 2009 to consider whether the agency wrongfully terminated plaintiff Hoffman from the Housing Choice Voucher Program ("HCVP"). *See* Pls.' Mot. for Partial Summ. J., Ex. 1 ("DCHA Decision") at 1. In an "informal hearing decision," the hearing officer noted that "Captain Gresham provided uncontroverted testimony that he was the target of the MPD unit which orchestrated the raid on Ms. Hoffman's residence due to his attempt to rehabilitate the MPD Narcotics and Special Investigations Division." *Id*. at 2. The hearing officer also concluded that there was no evidence that the raid uncovered any illegal activity at the home of plaintiff Hoffman and recommended that she be reinstated to the HCVP. *Id*. at 2.

On July 22, 2009, the District moved to dismiss all claims against it. *See generally* District Mot. to Dismiss. The plaintiffs failed to file a timely opposition to that motion. On October 5, 2009, the plaintiffs filed a motion to reinstate the United States as a defendant along with a "Memorandum in Support of Plaintiff's [sic] Motion to Reinstate the United States and to Deny the District of Columbia's Motion to Dismiss" ("Pls.' Mot."). Although the plaintiffs do not challenge the dismissal of their claims against the United States under § 1981, § 1983, the D.C. Whistleblower Act or the DCHRA, the plaintiffs seek to reinstate their common law tort claims against the United States, arguing that they did, in fact, exhaust their administrative remedies before filing suit. *See generally id*. The court now turns to the applicable legal standards and the parties' arguments.

# III.  ANALYSIS

## A.  The Court Denies the Plaintiffs' Motion to Reinstate the United States as a Defendant

### 1.  Legal Standard for Altering or Amending an Interlocutory Judgment

A district court may revise its own interlocutory decisions "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."  FED. R. CIV. P. 54(b); *see also Childers v. Slater*, 197 F.R.D. 185, 190 (D.D.C. 2000) (citing the Advisory Committee Notes to Federal Rule of Civil Procedure 60(b)).  The standard for the court's review of an interlocutory decision differs from the standards applied to final judgments under Federal Rules of Civil Procedure 59(e) and 60(b).  *Compare Muwekma Tribe v. Babbitt*, 133 F. Supp. 2d 42, 48 n.6 (D.D.C. 2001) (noting that "motions for [relief upon] reconsideration of interlocutory orders, in contrast to motions for [relief upon] reconsideration of final orders, are within the sound discretion of the trial court") *and United Mine Workers v. Pittston Co.*, 793 F. Supp. 339, 345 (D.D.C. 1992) (discussing the standard applicable to motions to grant relief upon reconsideration of an interlocutory order) *with LaRouche v. Dep't of Treasury*, 112 F. Supp. 2d 48, 51-52 (D.D.C. 2000) (analyzing the defendant's motion for relief from judgment under Rule 60(b)) *and Harvey v. District of Columbia*, 949 F. Supp. 878, 879 (D.D.C. 1996) (ruling on the plaintiff's motion to alter or amend judgment pursuant to Rule 59(e)).  A motion pursuant to Rule 59(e), to alter or amend a judgment after its entry, is not routinely granted.  *Harvey*, 949 F. Supp. at 879.  The primary reasons for altering or amending a judgment pursuant to Rule 59(e) or Rule 60(b) are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.  *Id.*; *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (per curiam); FED. R. CIV. P. 60(b); *LaRouche*, 112 F. Supp. 2d at 51-52.

By contrast, relief upon reconsideration of an interlocutory decision pursuant to Rule 54(b) is available "as justice requires." *Childers*, 197 F.R.D. at 190. "As justice requires" indicates concrete considerations of whether the court "has patently misunderstood a party, has made a decision outside the adversarial issues presented to the [c]ourt by the parties, has made an error not of reasoning, but of apprehension, or where a controlling or significant change in the law or facts [has occurred] since the submission of the issue to the court." *Cobell v. Norton*, 224 F.R.D. 266, 272 (D.D.C. 2004) (internal citation omitted). These considerations leave a great deal of room for the court's discretion and, accordingly, the "as justice requires" standard amounts to determining "whether [relief upon] reconsideration is necessary under the relevant circumstances." *Id.* Nonetheless, the court's discretion under Rule 54(b) is limited by the law of the case doctrine and "subject to the caveat that, where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *Singh*, 383 F. Supp. 2d at 101 (internal citations omitted).

### 2. The Plaintiffs Have Failed to Articulate Any Justification For Altering the Court's Dismissal of their Claims Against the United States

As noted in the court's prior memorandum opinion, *see* Mem. Op. (Aug. 17, 2009) at 7, the Federal Tort Claims Act ("FTCA") requires that plaintiffs exhaust their administrative remedies prior to commencing suit against the federal government for money damages. 28 U.S.C. § 2675(a). To exhaust his or her administrative remedies, a claimant must first present a claim to the appropriate federal agency. *Id.* If the agency issues a final written denial of the claim or fails to resolve the claim within six months, the claimant may then commence suit in district court. *Id.*

In its August 17, 2009 ruling, the court concluded that the plaintiffs had failed to exhaust their administrative remedies with respect to their tort claims against the United States. *See*

6

Mem. Op. (Aug. 17, 2009) at 6-9.  Specifically, the court held that the plaintiffs did not receive a final written denial of their claim and waited only three months after presenting their claim to the federal government before commencing suit in this court.  *Id*. at 8-9.  Accordingly, the court dismissed the plaintiffs' tort claims against the United States.  *Id*. at 9.

In their motion for relief upon reconsideration, the plaintiffs argue that they did, in fact, exhaust their administrative remedies.  *See generally* Pls.' Mot.  The plaintiffs argue, as they did in their opposition to the United States's motion to dismiss, that the "Notice of Unlawful Activity" they received from the United States Attorney's Office for the District of Columbia constituted a final denial of their claims.  *Id*. at 8; Pls.' Opp'n to United States's Mot. to Dismiss, Ex. 12.  Furthermore, the plaintiffs contend that even though they filed suit less than six months after presenting their claim to the federal agency, the six-month period expired prior to the time the United States filed its motion to dismiss, thus satisfying the exhaustion requirement.  Pls.' Mot. at 7; Pls.' Reply at 3-4.

The United States responds that the defendants have presented no arguments warranting the reinstatement of the dismissed claims.  *See generally* United States's Opp'n.  The court concurs.  In its prior ruling, the court rejected the plaintiffs' argument that the "Notice of Unlawful Activity" constituted a final written denial of their claim, observing that the notice made no mention whatsoever of the plaintiffs' claim.  *See* Mem. Op. (Aug. 17, 2009) at 8-9.  The plaintiffs offer nothing to call the court's conclusion into question beyond the bare and unsupported assertion that the United States Attorney's Office must have known about the plaintiff's complaint at the time it sent the notice.  *See* Pls.' Mot. at 8.  This assertion, even if true, would not alter the fact that the notice does not deny – or even refer to – the plaintiffs' claim.  *See* Pls.' Opp'n to United States's Mot. to Dismiss, Ex. 12; *see also Brown v. Alford*,

2008 WL 4837498, at *6 (S.D. Ohio Nov. 4, 2008) (holding that a "Settlement and Release Agreement" from the agency did not constitute a final denial notice because it did not mention, let alone deny, the plaintiff's FTCA claims, was not sent by certified or registered mail by the agency and the title of the document showed it was clearly a settlement and release agreement, not a final notice from the agency denying the claim); 28 C.F.R. § 14.9 (explaining that "[f]inal denial of an administrative claim shall be in writing and sent to the claimant, his attorney, or legal representative by certified or registered mail").  The court sees no reason to alter its conclusion that the plaintiffs filed suit prior to receiving a final written decision from the agency.

    The court also observed in its prior ruling that the six-month period must expire before a plaintiff commences suit under the FTCA.  *See* Mem. Op. (Aug. 17, 2009) at 9 (citing *Brown*, 2008 WL 4837498, at *7 (noting that the "exhaustion process must occur prior to the time that a court action has been filed, and cannot occur during the pendency of the case"); *Rashad v. D.C. Cent. Det. Facility*, 570 F. Supp. 2d 20, 24 (D.D.C. 2008) (observing that a plaintiff must exhaust his administrative remedies before bringing an action in district court)).  Indeed, the Supreme Court has expressly held the same.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (upholding the district court's dismissal of an action commenced by the plaintiff four months after he presented his claim to the federal agency, noting that the plain language of the FTCA requires that the plaintiff wait six months before commencing suit).  Accordingly, the fact that the six-month period expired during the pendency of the litigation is simply of no moment. *See id*.

In sum, the court sees no justification for altering its prior ruling that the plaintiffs failed to exhaust their administrative remedies as required prior to commencing suit.[2]  As a result, the court denies the plaintiffs' motion for relief upon reconsideration.

### B.  The Court Denies the Plaintiffs' Motion for Partial Summary Judgment

The plaintiffs contend that they are entitled to summary judgment on their claims against the District of Columbia because the DCHA hearing officer's informal hearing decision "is Res Judicata, and collaterally estops [sic] the defendant from denying the allegations at [sic] the complaint."  Pls.' Mot. for Partial Summ. J. at 1.  The plaintiffs appear to argue that because the DCHA hearing officer concluded that the July 31, 2008 raid was conducted in retaliation for Captain Gresham's efforts to reform the MPD, the District is precluded from relitigating these issues and the court must accept the hearing officer's findings.  *See generally id*.  The District argues that the hearing officer's decision has no bearing on this litigation.  *See generally* District's Opp'n to Pls.' Mot. for Partial Summ. J.

"The doctrine of res judicata prevents repetitive litigation involving the same causes of action or the same issues."  *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 946 (D.C. Cir. 1983).  Res judicata has two distinct aspects – claim preclusion and issue preclusion (commonly known as collateral estoppel) – that apply in different circumstances and with different consequences to the litigants.  *NextWave Pers. Commc'ns, Inc. v. Fed. Commc'ns*

---

[2]   The plaintiffs devote a significant portion of their motion to the argument that dismissal denies them the opportunity to learn the identities of the DEA agents who conducted the raid at issue.  Pls.' Mot. at 5.  As stated in their motion, "[t]he plaintiff seeks reinstatement if not but for the sole purpose of identifying the DEA agents who participated in the raid."  *Id*.  Beyond the fact that this issue is irrelevant to whether dismissal is warranted, the United States rightly points out that dismissal of the claims against it does not foreclose the plaintiffs from filing a request under the Freedom of Information Act.  *See* United States Opp'n at 4 n.3.

*Comm'n*, 254 F.3d 130, 142 (D.C. Cir. 2001); *Novak v. World Bank*, 703 F.2d 1305, 1309 (D.C. Cir. 1983).

Under claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Drake v. Fed. Aviation Admin.*, 291 F.3d 59, 66 (D.C. Cir. 2002) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)).  Under issue preclusion or collateral estoppel, "once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case." *Yamaha Corp. of Am. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (quoting *Allen*, 449 U.S. at 94).

These authorities make clear that claim preclusion and issue preclusion apply only to "final judgments." *See Drake*, 291 F.3d at 66 (observing that claim preclusion applies to final judgments); *NextWave*, 254 F.3d at 147 (noting that "the issue preclusion aspect of res judicata" requires "a final judgment on the merits in a prior suit") (quoting *I.A.M. Nat'l Pension Fund*, 723 F.2d at 947).  Although preclusive effect may be given to certain administrative proceedings, it does not attach to administrative determinations that are neither final nor binding. *See Murray v. Gilmore*, 406 F.3d 708, 714 (D.C. Cir. 2005) (noting that "while preclusive effect may sometimes attach to administrative proceedings, we see no reason why it should attach to proceeding where the examiner may only make 'recommendations' and lacks power to issue binding judgments").

The DCHA's regulations make clear that "final decisions" rendered by DCHA hearing officers following informal hearings on HCVP challenges

> are not precedent setting for DCHA or the courts and cases thereafter taken to Superior Court of the District of Columbia are not an appeal of an administrative decision, are not based on the record of the informal hearing and are be tried de

novo, as if no determination had been made by DCHA and its hearing officer
prior thereto.

14 D.C.M.R. § 8905.4(a).  Indeed, the hearing officer's informal hearing decision, which

the plaintiffs seek to give preclusive effect, concludes with a *recommendation* that the

DCHA reinstate plaintiff Hoffman to the HCVP.  *See* DCHA Decision at 3.  Accordingly,

the hearing officer's decision was not a binding, final judgment entitled to preclusive

effect.  *See Murray*, 406 F.3d at 714 (holding that the conclusions of a DCHA hearing

officer were not final or binding and therefore were not entitled to preclusive effect).  The

court therefore denies the plaintiffs' motion for partial summary judgment.

### C.  The Court Grants the District's Motion to Dismiss

The District contends that the court should dismiss all claims against it.  *See generally*

District Mot. to Dismiss.  The District asserts first that all of the plaintiffs' claims under § 1983

fail to state a claim for which relief can be granted because the plaintiffs have failed to allege that

a District policy resulted in their alleged deprivation of constitutional rights.  *Id*. at 4-5.  The

District next argues more specifically that the plaintiffs' claim that the District retaliated against

Captain Gresham for exercising his First Amendment rights, in violation of § 1983, must be

dismissed because the plaintiffs have failed to allege that Captain Gresham was speaking as a

citizen on a matter of public concern rather than as an employee discharging his job

responsibilities.[3]  *Id*. at 5.  The District also contends that the plaintiffs' § 1983 claim premised

on purported Fourth Amendment violations must be dismissed because the plaintiffs failed to

---

[3]   After filing its motion to dismiss, the District alerted the court to the fact that another court in this
district had dismissed a § 1983 claim  brought by plaintiff Gresham, which was premised on the same
facts, on the grounds that the speech that allegedly gave rise to the retaliation was merely a part of
Captain Gresham's normal job responsibilities.  *See Gresham v. District of Columbia*, 639 F. Supp.
2d 17, 19-20 (D.D.C. 2009) (Robertson, J.).

allege which statements in the affidavit supporting the search warrant at issue were false, and failed to allege that these misrepresentations were material to the issue of probable cause. *Id*. at 7. Furthermore, the District argues that the plaintiffs have failed to state a claim against it under § 1981 because the violations underlying this claim concern actions taken by the D.C. Housing Authority, for which the District is not liable,[4] and because the plaintiffs have failed to allege any facts suggesting that they were subjected to intentional discrimination on the basis of race. *Id*. at 8. Lastly, the District contends that because the plaintiffs have failed to state a claim for any of their causes of action brought under federal law, the court should dismiss the plaintiffs' state law claims based on the absence of original subject matter jurisdiction. *Id*. at 9.

In their motion for relief upon reconsideration, the plaintiffs acknowledge that they did not file a timely opposition to the District's motion.[5] *See* Pls.' Mot. at 8 n.12. Plaintiffs' counsel states that he "clearly meant to oppose the motion to dismiss and will move to file an opposition Nunc Pro Tunc." *Id*. No such motion for leave to file was ever submitted to the court.[6] Furthermore, the only argument concerning dismissal discussed in the plaintiffs' "Memorandum

---

[4]    *See* D.C. CODE § 6-205 (providing that "[t]he District government, its officers, departments, agencies, or other units of government shall not be liable for damages for any action, or failure to take action, by the [D.C. Housing] Authority or its officers, employees, or agents").

[5]    The plaintiffs' motion for relief upon reconsideration was filed more than two months after the District filed its motion to dismiss. *See generally* Pls.' Mot.; District Mot. to Dismiss.

[6]    Indeed, the only submission regarding the District's motion to dismiss filed by the plaintiffs after their motion for relief upon reconsideration is a notice of "subsequent authority," filed on October 13, 2009. *See generally* Pls.' Notice of Subsequent Auth. (Oct. 13, 2009). In the notice, the plaintiffs appear to argue that even if the court dismisses the plaintiffs' federal law claims against the District, it would retain diversity jurisdiction over the plaintiffs' state law claims against the District. *See generally id*. This argument, made nearly three months after the District moved to dismiss, is plainly without merit, as the Circuit has held that "the District, like the fifty states, is not subject to diversity jurisdiction." *Long v. District of Columbia*, 820 F.2d 409, 414 (D.C. Cir. 1987). Furthermore, the court notes that plaintiffs Hoffman, Gresham are Morris are citizens of the District, *see* Am. Compl. ¶¶ 4, 6, 8, which would also preclude diversity jurisdiction, *see Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (noting that 28 U.S.C. § 1332 requires "complete diversity between all plaintiffs and all defendants").

in Support of Plaintiff's [sic] Motion to Reinstate the United States and to Deny the District of

Columbia's Motion to Dismiss" is the District's reliance on Judge Robertson's decision in

*Gresham v. District of Columbia*, 639 F. Supp. 2d 17 (D.D.C. 2009).  *See* Pls.' Mot. at 8-9.  The

court notes, however, that Judge Robertson's ruling pertain to but one of the arguments raised by

the District in support of dismissal of the plaintiffs' § 1983 First Amendment claim.  *See* District

Mot. to Dismiss at 4-6.  The District's additional arguments, which include the fact that the

plaintiffs failed to allege that a District policy resulted in the deprivation of their constitutional

rights, were not addressed by the plaintiffs.  *See generally* Pls.' Mot.

> Local Civil Rule 7(b) provides that
>
> [w]ithin 11 days of the date of service or at such other time as the Court may direct, an opposing party shall file and serve a memorandum of points and authorities in opposition to [a] motion.  If such a memorandum is not filed with the prescribed time, the Court may treat the motion as conceded.

LCvR 7(b).  Indeed, it is well settled that a plaintiff's failure to respond to a motion to dismiss

permits a court to grant the motion as conceded.  *See Fox v. Am. Airlines, Inc.*, 389 F.3d 1291,

1294-95 (D.C. Cir. 2004) (affirming the district court's dismissal of a complaint based on the

plaintiff's failure to comply with Local Civil Rule 7(b) and file a timely response to the

defendant's motion to dismiss); *Twelve John Does v. District of Columbia*, 117 F.3d 571, 577

(D.C. Cir. 1997) (observing that "[w]here the district court relies on the absence of a response as

a basis for treating the motion as conceded, [the Circuit will] honor its enforcement of the rule");

*see also Cooper v. Farmers New Century Ins. Co.*, 607 F. Supp. 2d 175, 180 (D.D.C. 2009)

(granting the defendant's motion to dismiss as conceded based on the plaintiff's failure to

respond to arguments raised in the motion).  The court need not provide the plaintiff notice or an

opportunity to explain its failure to comply with Rule 7(b) prior to granting a motion to dismiss

as conceded.  *See Fox*, 389 F.3d at 1295 (observing that "[r]equiring [the trial court] to provide

13

notice, an opportunity to explain and weigh alternatives before enforcing Rule 7(b) would hinder effective docket management").

Here, the plaintiffs have failed to respond to the District's arguments for dismissal of the plaintiffs' claims against it.  The plaintiffs have not offered any excuse for their failure to respond in a timely fashion, nor have they moved for leave to late-file an opposition. Accordingly, the court grants the District's motion to dismiss as conceded and dismisses all claims asserted against the District.  *See, e.g.*, *Cooper*, 607 F. Supp. 2d at 180.


## IV.  CONCLUSION

For the foregoing reasons, the court denies the plaintiffs' motion for relief upon reconsideration, denies the plaintiffs' motion for partial summary judgment and grants the District's motion to dismiss.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 4th day of February, 2010.

RICARDO M. URBINA
United States District Judge
