**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| ANGELA HOFFMAN *et al.*, | : | | |
| | : | | |
| Plaintiffs, | : | Civil Action No.: | 08-1924 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 45 |
| | : | | |
| DISTRICT OF COLUMBIA, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**DENYING THE PLAINTIFFS' MOTION FOR RELIEF UPON RECONSIDERATION & RECUSAL**

**I. INTRODUCTION**

This matter is before the court on the plaintiffs' motion for relief upon reconsideration of this court's February 4, 2010 order, in which the court denied the plaintiffs' motion for partial summary judgment and granted the District of Columbia's motion to dismiss as conceded. The plaintiffs contend that the court erred in reaching these conclusions and that the court's behavior evidences a bias in favor of the defendant, requiring recusal of the undersigned judge. Because the plaintiffs have not identified any basis for reversing the court's prior ruling and have failed to demonstrate any basis for recusal, the court denies the plaintiffs' motion.

**II.  FACTUAL & PROCEDURAL BACKGROUND[1]**

The plaintiffs allege that on July 31, 2008, they were attending a birthday party at a residence rented by plaintiff Angela Hoffman and owned by plaintiff Melvin Gresham, a captain in the District of Columbia Metropolitan Police Department ("MPD"). Am. Compl. ¶¶ 1, 4, 20. During the party, agents of the MPD and the Drug Enforcement Agency ("DEA") raided the

---

[1]     A more thorough description of the factual and procedural background of this case may be found in the court's previous memorandum opinion. *See* Mem. Op. (Feb. 4, 2010) at 2-4.

residence, allegedly as part of scheme to retaliate against Captain Gresham because of his purported whistleblower activities. *Id.* ¶¶ 11, 13.

In November 2008, the plaintiffs commenced this action, asserting fourteen federal and state law claims against the District of Columbia and the United States. *See generally* Compl.; Am. Compl. More specifically, the plaintiffs asserted claims under 42 U.S.C. § 1983 for violations of their First and Fourteenth Amendment rights, 42 U.S.C. § 1981 for violations of their Fifth Amendment rights, the D.C. Whistleblower Act, D.C. CODE §§ 1-615.51, and the District of Columbia Human Rights Act, *id.* 2-1401.01 *et seq.* Am. Compl. ¶¶ 39-51, 74-79. The plaintiffs also asserted a bevy of common law tort claims against the defendants.[2] *Id.* ¶¶ 52-73, 80-82.

On June 9, 2009, the plaintiffs moved for partial summary judgment on their claims against the District. *See generally* Pls.' Mot. for Partial Summ. J. The plaintiffs based their motion on the fact that the District of Columbia Housing Authority ("DCHA") had conducted a hearing in April 2009 to consider whether the agency had wrongfully terminated plaintiff Hoffman from the Housing Choice Voucher Program ("HCVP"). *See id.*, Ex. 1 ("DCHA Decision") at 1. The plaintiffs argued that the hearing officer's decision was entitled to res judicata effect and established the District's liability to the plaintiffs. *See generally* Pls.' Mot. for Partial Summ. J. The District filed its opposition to the plaintiffs' motion on July 13, 2009. *See generally* District's Opp'n to Pls.' Mot. for Partial Summ. J.

---

[2]     In August 2009, the court dismissed all claims against the United States. *See generally* Mem. Op. (Aug. 17, 2009). The plaintiffs subsequently filed a motion for partial relief upon reconsideration, seeking the reinstatement of their common law tort claims against the United States. *See generally* Pl.'s Mot. to Reinstate the United States & Opp'n to the District's Mot. to Dismiss. The court denied the plaintiffs' motion on February 4, 2010. *See* Mem. Op. (Feb. 4, 2010) at 6-9.

On July 22, 2009, the District moved to dismiss all claims against it.  *See generally* District Mot. to Dismiss.  The plaintiffs failed to file a timely opposition or request leave to late file an opposition.  On February 4, 2010, the court denied the plaintiffs' motion for partial summary judgment, concluding that based on the applicable municipal regulations, the DCHA hearing officer's decision did not constitute a final adjudication on the merits entitled to res judicata effect.  *See* Mem. Op. (Feb. 4, 2010) at 9-11.  Furthermore, the court granted the District's motion to dismiss as conceded because the plaintiffs had not filed an opposition to the motion.  *Id.* at 11-14.

On February 10, 2010, the plaintiffs filed the motion for relief upon reconsideration and recusal now before the court.  *See generally* Pls.' Mot. for Relief Upon Recons. ("Pls.' Mot.").  The plaintiffs contend that the court erred in denying their motion for partial summary judgment, arguing that the DCHA hearing officer's decision was entitled to res judicata treatment and conclusively established the District's liability to the plaintiffs.  *See id.* at 7-9.  The plaintiffs further argue that the court erred in granting the District's motion to dismiss and contend that recusal is necessary because of the court's bias against the plaintiffs.  *See id.* at 9-15.  The District opposes the plaintiffs' motion, *see generally* Def.'s Opp'n, which is now ripe for adjudication.  The court therefore turns to the applicable legal standards and the parties' arguments.

## III.  ANALYSIS

### A.  Legal Standard for Relief Under Federal Rule of Civil Procedure 60(b)

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b).  FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of*

*Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986).  First, the court may grant relief from a judgment involving "mistake, inadvertence, surprise, or excusable neglect."  FED. R. CIV. P. 60(b)(1).  Relief under Rule 60(b)(1) turns on equitable factors, notably whether any neglect was excusable.  *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence.  FED. R. CIV. P. 60(b)(2). Third, the court may set aside a final judgment for fraud, misrepresentation or other misconduct by an adverse party.  *Id.* 60(b)(3); *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C. Cir. 1957).  Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993) (internal citations omitted).  Fourth, the court may grant relief in cases in which the judgment is "void."  FED. R. CIV. P. 60(b)(4).  A judgment may be void if the court lacked personal or subject matter jurisdiction in the case, acted in a manner inconsistent with due process or proceeded beyond the powers granted to it by law.  *Eberhardt v. Integrated Design & Constr., Inc.*, 167 F.3d 861, 871 (4th Cir. 1999).  Fifth, the court may grant relief if the "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable."  FED. R. CIV. P. 60(b)(5); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)(5)).  Sixth, the court may grant relief from a judgment for "any . . . reason that justifies [such] relief."  FED. R. CIV. P. 60(b)(6).  Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances."  *Pioneer Inv. Servs.*, 507 U.S. at 393.

4

A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue.  FED. R. CIV. P. 60(c)(1).  A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time.  *Id*.  The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief.  *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

### B.  The Court Declines to Alter is Ruling on the Plaintiffs' Motion for Partial Summary Judgment

The plaintiffs contend that the court erred in denying their motion for summary judgment on their claims against the District.  *See* Pls.' Mot. at 7-9.  They assert that 14 D.C.M.R. § 8905.4(a), the municipal regulation on which the court relied in concluding that the DCHA hearing officer's determination was not entitled to res judicata effect, applies only to determinations made by the DCHA Executive Director reviewing a hearing officer's decision.  *Id.*  The provision has no effect, the plaintiffs argue, on informal decisions rendered by a hearing officer that are not appealed to the Executive Director, which become final ten days after issuance.  *Id.*  The plaintiffs also argue that the court should have granted their motion for partial summary judgment as conceded because the District's opposition was not filed by the required deadline and because the District expressly conceded the factual assertions in the plaintiffs' motion.  *Id.* at 3-5.

The District responds that the plaintiffs' arguments regarding the substance of their motion for partial summary judgment simply rehash arguments raised in their earlier motion and do not justify reversal of the court's prior ruling.  Def.'s Opp'n at 4.  The District also argues that the court properly declined to grant the plaintiffs' motion as conceded, as the District had filed a timely motion to stay briefing on the plaintiffs' motion until the resolution of its pending motion

to quash service of the summons and complaint.  *Id.* at 3.  Furthermore, the District maintains

that its failure to file an opposing statement of material facts was of no moment because, as the

District stated in its opposition to the plaintiffs' motion for partial summary judgment, the

arguments raised in the plaintiffs' motion could be resolved as a matter of law.  *Id.* at 3-4.

The court considers the plaintiffs' procedural and substantive arguments for relief upon

reconsideration in turn.

### 1.  The Plaintiffs' Procedural Arguments

The plaintiffs' procedural arguments merit little discussion.  The plaintiffs' contention

that the court should have granted their motion for partial summary judgment as conceded based

on the District's failure to file a timely opposition is undermined by the procedural history of the

case.  Soon after the plaintiffs filed certificates of service of their amended complaint, the

District filed a motion to quash, arguing that the plaintiffs had failed to properly serve the

amended complaint on the District.[3]  *See generally* District's Mot. to Quash.  On June 9, 2009,

while the District's motion to quash was pending, the plaintiffs moved for partial summary

judgment.  *See generally* Pls.' Mot. for Partial Summ. J.  The District's opposition to the

plaintiffs' motion was due on June 23, 2009.  LCvR 7(b) (amended Dec. 1, 2009).  Because the

court had yet to rule on the District's motion to quash by that date, the District moved to stay

briefing on the plaintiffs' motion for partial summary judgment until the court had resolved the

service issue.  *See generally* District's Mot. to Stay.  On June 30, 2009, the court denied the

District's motion to quash, *see* Mem. Op. (June 30, 2009), and directed the District to respond to

---

[3]      The plaintiffs similarly allege that the court somehow interceded on behalf of the District by
preventing the Clerk of the Court from entering default against the District based on its failure to
file a timely response to the amended complaint.  *See* Pls.' Mot. at 11-13.  In reality, the Clerk of
the Court properly declined to enter default against the District because the District's motion to
quash service of the amended complaint remained pending.  *Cf. Baade v. Price*, 175 F.R.D. 403,
406 (D.D.C. 1997) (granting the defendant's motion to set aside its default because the defendant
had promptly filed a motion to quash service once it became aware of the plaintiff's complaint).

the plaintiffs' motion for partial summary judgment by July 13, 2009,[4] *see* Minute Order (June 30, 2009).  Given this procedural history, and specifically the fact that the District filed a timely and reasonable motion to stay briefing on the plaintiffs' summary judgment motion, the court properly declined to grant the plaintiffs' motion as conceded.  *See* LCvR 7(b) (providing that if no timely opposition is filed, "the Court *may* treat the motion as conceded") (emphasis added).

The plaintiffs' argument that the District failed to file an opposing statement of material facts in response to their motion is equally unavailing.  Local Civil Rule 7(h) provides that a party's failure to oppose material facts in the movant's summary judgment motion permits the court to treat those facts as admitted.  *See* LCvR 7(h).  Yet in its opposition to the plaintiffs' motion for partial summary judgment, the District expressly conceded the factual allegations asserted in the plaintiffs' motion, arguing that regardless of the truth of those factual allegations, their motion should be denied because the hearing officer's decision did not have res judicata effect against the District.  District's Opp'n to Pls.' Mot. for Partial Summ. J. at 3 n.1.  Indeed, the court resolved the plaintiffs' motion not by relying on any disputed facts but based on its legal determination that the DCHA hearing officer's decision was not entitled to res judicata effect.  *See* Mem. Op. (Feb. 4, 2010) at 9-11.  Accordingly, the District's failure to file a statement of facts in opposition to the plaintiffs' motion for partial summary judgment did not require the court to grant the plaintiffs' motion as conceded.

### 2. The Plaintiffs' Substantive Arguments

As previously noted, the court denied the plaintiffs' motion for summary judgment on its claims against the District, concluding that the DCHA hearing officer's decision was not a final decision entitled to res judicata effect.  *See* Mem. Op. (Feb. 4, 2010) at 9-11.  In reaching this

---

[4]     The court denied as moot the District's motion to stay briefing on the plaintiffs' motion for partial summary judgment.  *See* Minute Order (Nov. 19, 2009).

conclusion, the court relied on the fact that the hearing officer's decision concluded with a mere "recommendation" that the DCHA reinstate plaintiff Hoffman to the HCVP, as well as on the text of 14 D.C.M.R. § 8905.4, which appears to express an intention that DCHA administrative decisions not be given res judicata effect. *Id.*

The court's reliance on the fact that the hearing officer's decision concluded with a mere "recommendation" appears to have been misplaced. District of Columbia municipal regulations provide that a hearing officer's "proposed decision will become final on the tenth (10th) day following the postmark of the proposed decision unless one of the parties has submitted a written request to the Executive Director to reconsider the proposed decision before issuing a final decision and stating the basis for such review." 14 D.C.M.R. § 8905.3. There is no dispute that the hearing officer's decision in favor of plaintiff Hoffman was not appealed to the Executive Director. Thus, based on the applicable regulations, the hearing officer's "recommendation" became a "final decision" ten days after its issuance.

The court's interpretation of 14 D.C.M.R. § 8905.4 presents a more complicated matter. The regulation provides as follows:

> In the event of a request for [a] final decision by the Executive Director, the Executive Director will render a final written decision within fifteen (15) days of receipt of the request, which shall include DCHA's reasons for the final decision.
>
> (a) The final decision shall include notification that final decisions are not precedent setting for DCHA or the courts and cases thereafter taken to Superior Court of the District of Columbia are not an appeal of an administrative decision, are not based on the record of the informal hearing and are to be tried de novo, as if no determination had been made by DCHA and its hearing officer prior thereto.

14 D.C.M.R. § 8905.4.

As the plaintiffs rightly point out, the provision appears under the subsection concerning "final decisions" issued by the DCHA Executive Director following his or her review of a

DCHA hearing officer's determination.  *See id.* § 8905.4.  The context of the provision suggests that the notification requirement set forth in § 8905.4(a) applies only to final decisions issued by the DCHA Executive Director, rather than informal hearing officer determinations that are not appealed to the Executive Director and become final pursuant to § 8905.3.  *See id.* § 8905.4(a).

Yet even if § 8905.4(a)'s notification requirement applies only to final decisions issued by the Executive Director, the provision nonetheless appears to express a broader policy that DCHA administrative determinations are not intended to bind courts in subsequent judicial proceedings, stating broadly and without qualification that "final decisions" are not be treated as "precedent setting for DCHA or the courts" and that subsequent judicial proceedings "are to be tried de novo, as if no determination had been made by DCHA and its hearing officer prior thereto."  *Id.*  Indeed, acceptance of the plaintiffs' interpretation of the provision would lead to a peculiar outcome in which unreviewed hearing officer determinations would be entitled to res judicata effect, while determinations of the DCHA Executive Director reviewing such determinations would not be entitled to res judicata effect.

Ultimately, the court need not reach any definitive interpretation of § 8905.4, because even if the DCHA hearing officer's determination was a final decision eligible for res judicata treatment, the plaintiffs still would not be entitled to summary judgment on their claims against the District.  First, neither claim preclusion nor issue preclusion may be used against a party that was not a party to the prior proceeding or in privity with a party to the prior proceeding.  *See Taylor v. Sturgell*, 128 S. Ct. 2161, 2171 (2008) (noting that "[t]he application of claim and issue preclusion to nonparties . . . runs up against the 'deep-rooted historic tradition that everyone should have his own day in court'" (quoting *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 798 (1996))).  The proceedings before the DCHA hearing officer concerned whether the DCHA

had properly terminated plaintiff Hoffman from the HCVP, and the respondent in those proceedings was the DCHA, not the District. *See* Pls.' Mot. for Partial Summ. J., Ex. 1 at 1-4. The DCHA is an independent agency legally distinct from the District government. D.C. CODE § 6-202(a). The District is not liable for any damages caused by actions of the DCHA or its officers and is not liable for any note or other obligation entered into by the DCHA. *Id.* § 6-205(d). Thus, because the District was not a party to the proceedings before the hearing officer, her determinations do not have claim or issue preclusive effect against the District.

In their briefs supporting their motion for partial summary judgment, the plaintiffs did not dispute that the District was not a party to the DCHA administrative proceedings. *See generally* Pls.' Mot. for Partial Summ. J.; Pls.' Reply in Support of Partial Summ. J. Rather, the plaintiffs argued that even though the District was not a party to the administrative proceedings, it was nonetheless bound by the hearing officer's determinations because the DCHA served as a proxy for the District during those proceedings. *See* Pls.' Reply in Support of Partial Summ. J. at 4-7. The plaintiffs based their argument on the doctrine of "virtual representation" announced in *Taylor v. Blakey*, 490 F.3d 965 (D.C. Cir. 2007), in which the Circuit articulated a multi-factor test for determining when a party is bound by prior litigation to which it was not a party. The Supreme Court, however, struck down the "broad theory of virtual representation" articulated in *Blakey*. *See Sturgell*, 128 S. Ct. at 2173-75 (stating that a nonparty is adequately represented in prior litigation for res judicata purposes only if the party to the prior proceeding understood itself to be acting in a representative capacity and if there were special procedures to safeguard the interests of the absentees). Accordingly, the plaintiffs' reliance on the doctrine of virtual representation is misplaced. Moreover, the record of the administrative hearing is devoid of any indication that the DCHA understood itself to be representing the District during the

administrative proceedings or that any special procedures were implemented to safeguard the

District's interests during those proceedings, rendering the adequate representation doctrine

inapplicable.  *See generally* Pls.' Mot. for Partial Summ. J., Ex. 1.

Furthermore, issue preclusion, the species of res judicata that the plaintiffs invoked in

their motion for partial summary judgment, applies only to issues "actually and necessarily

determined by a court of competent jurisdiction in [a] prior case."  *Gov't of Rwanda v. Johnson*,

409 F.3d 368, 374 (D.C. Cir. 2005) (quoting *Yamaha Corp. of Am. v. United States*, 961 F.2d

245, 254 (D.C. Cir. 1992)); *see also NextWave Personal Commc'ns, Inc. v. Fed. Commc'ns

Comm'n*, 254 F.3d 130, 147 (D.C. Cir. 2001) (noting that "[i]f of a prior decision is 'unclear, and

it is thus uncertain whether the issue was actually and necessarily decided in [the prior] litigation,

then relitigation of the issue is not precluded'" (quoting *Connors v. Tanoma Mining Co.*, 953

F.2d 682, 684 (D.C. Cir. 1992))).  Here, the plaintiffs' claims against the District arose out of

their allegation that MPD officers manufactured allegations against Captain Gresham in

retaliation for his participation in whistleblower activity.  *See generally* Am. Compl.  The DCHA

hearing officer, however, was presented with only one issue: whether there was sufficient

evidence to support the DCHA's determination that Hoffman had engaged in illegal activity at

her residence, thus disqualifying her from the HCVP.  *See* Pls.' Mot. for Partial Summ. J., Ex. 1

at 1.  The hearing officer concluded that the DCHA's determination was not supported by

sufficient evidence, stating that Hoffman had "clouded the veracity and legitimacy of the warrant

execution by presenting unrefuted evidence that the illegal items allegedly secured from her

residence were not a part of the itemized monthly record of secured evidence of criminal

activity."  *Id.* at 3.  Although the hearing officer noted that Captain Gresham had provided

unrefuted testimony that the search warrant was fabricated to target him in retaliation for his

whistleblower activities, *id.* at 2, the issue of whether the search warrant was obtained to punish Captain Gresham for his whistleblower activities was not a matter before the hearing officer, nor was it necessary to her conclusion that the DCHA had improperly terminated plaintiff Hoffman from the HCVP. *See id.*; *see also* 14 D.C.M.R. § 8902.1 (listing the issues that may be adjudicated during an informal hearing). Accordingly, the hearing officer did not actually or necessarily determine the issue central to the plaintiffs' claims and did not establish the District's liability to the plaintiffs.

For these reasons, the court declines to alter its ruling denying the plaintiffs' motion for partial summary judgment.

### C.  The Court Declines to Alter its Ruling on the District's Motion to Dismiss

The plaintiffs assert that the court erred in granting the District's Rule 12(b)(6) motion to dismiss, arguing that the plaintiffs did, in fact, state a claim under the First Amendment and the D.C. Whistleblower Act.[5]  *See* Pls.' Mot. at 9-11, 14-15.  As previously noted, however, the court did not pass on the substance of the District's motion to dismiss,[6] but instead granted the District's motion as conceded because the plaintiffs failed to file an opposition to the District's motion or a motion for leave to late file.  *See* Mem. Op. (Feb. 4, 2010) at 11-14.  The plaintiffs still have not offered any explanation for their failure to file an opposition to the District's motion.  *See generally* Pls.' Mot.  Accordingly, the court declines to alter its ruling on the District's motion to dismiss.

---

[5]     The plaintiffs' motion for relief upon reconsideration does not specifically address any of their other claims against the District.  *See generally* Pls.' Mot.

[6]     The plaintiffs' assertion that the court "held" that the plaintiffs failed to allege that Captain Gresham was speaking as a citizen on a matter of public concern, *see* Pls.' Mot. at 9 (citing Mem. Op. (Feb. 4, 2010) at 11), is simply mistaken, *see* Mem. Op. (Feb. 4, 2010) at 11 (stating that "[t]he District next argues . . . that the plaintiffs' [First Amendment claim] . . . must be dismissed because the plaintiffs have failed to allege that Captain Gresham was speaking as a citizen on a matter of public concern rather than as an employee discharging his job responsibilities.").

### D.  The Court Denies the Plaintiffs' Request for Recusal

The plaintiffs argue that the court's actions in this litigation reveal the undersigned judge's bias in favor of the District.  *See* Pls.' Mot. at 16-17.  Federal statute provides that "[any] justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  The question is whether a reasonable and informed observer would question the judge's impartiality."  *United States v. Microsoft*, 253 F.3d 34, 114 (D.C. Cir. 2001)).  The party seeking recusal must "show a true personal bias [] and must allege specific facts and not mere conclusions or generalities." *Bhd. of Locomotive Firemen and Enginemen, et al. v. Bangor & Aroostook R.R. Co., et al.*, 380 F.2d 570, 576-77 (D.C. Cir. 1967) (citations omitted).  Here, the plaintiffs have failed to identify any grounds for recusal.  *See generally* Pls.' Mot.  Accordingly, the court denies the plaintiffs' request for recusal.


### IV.  CONCLUSION

For the foregoing reason, the court denies the plaintiffs' motion for relief upon reconsideration and recusal.  An Order consistent with this Memorandum Opinion is separately and contemporaneously issued this 11th day of August, 2010.


RICARDO M. URBINA
United States District Judge